UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DIANA DINORA ZAVALA,

      *Petitioner*,

v.                                                    Case No. 3:26-cv-717-JEP-PDB

U.S. ATTORNEY GENERAL,
et al.,

      *Respondents*.
_____/

## **ORDER**

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to release her. (Docs. 1, 7). Petitioner is a citizen of Honduras who entered the United States in April 2021. (Doc. 1 at 5). She first encountered immigration authorities on January 8, 2026, in Palm Beach County, Florida, following an arrest for criminal charges that were not filed. (*Id.*; *see* Doc. 1-7 at 2). She contends that her mandatory detention without an individualized bond hearing violates the Immigration and Nationality Act ("INA") and her due process rights under the Fifth Amendment to the United States Constitution. (*See* Doc. 1 at 15-19). At the heart of this case is Petitioner's contention that

her detention is governed by 8 U.S.C. § 1226(a)—not § 1225(b)(2)(A). (*See generally* Doc. 1).

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden*, --- F.4th ---, No. 25-14065, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026).[1] The Federal

---

[1] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

Respondents concede that this Court is bound by the Eleventh Circuit's decision in this case. (Doc. 11).

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that her detention without an individualized bond hearing violates the INA.[2] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

2. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on May 14, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court grants relief on Petitioner's claim under the INA, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

c:
Counsel of Record